IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| XAVIAR PAGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; RONNIE E. JOHNSON, COURTNEY DUNCAN, KAREEM MAZYCK, ANGEL MALDONADO, T. MONTANA BELL, | ) ) ) ) ) ) ) | 2:22-CV-01516-CRE |
| Plaintiffs, | ) ) ) | |
| vs. | | |
| SECRETARY GEORGE M. LITTLE, ACTING SECRETARY OF THE PA D.O.C.; SECRETARY JOHN E. WETZEL, FORMER SECRETARY OF THE PA D.O.C.; DEPUTY SECRETARY TREVOR WINGARD, WESTERN REGIONAL FORMER DEPUTY SECRETARY OF THE PA D.O.C.; AND SUPERINTENDENT ERIC ARMEL, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; | | |
| Defendants, | | |

**MEMORANDUM AND ORDER**

Plaintiffs, all prisoners confined at SCI Fayette, seek to bring their civil action *in forma pauperis* (ECF Nos. 1, and 3 through 7), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. When submitting a Motion to Proceed *In Forma Pauperis*, each Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  In addition to the aforementioned affidavit, Plaintiffs are further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained

from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiffs have all failed to submit <u>complete</u> *in forma pauperis* applications as required by 28 U.S.C. § 1915(a)(1), (2), as they have not included their certified institutional account statement for the six-month period immediately preceding the filing of the Complaint.

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Proceed *In Forma Pauperis* (ECF No. 1, and 3 through 7) are **DISMISSED** without prejudice.  **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case administratively closed, without filing the complaint or assessing a filing fee.[1]

**IT IS FURTHER ORDERED** that Plaintiffs may reopen the case by (i) tendering to the "Clerk, U.S. District Court," a statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $52.00, for a total of $402.00 or (ii) each Plaintiff submitting another motion to proceed *in forma pauperis* along with the required affidavit and a certified copy of their inmate account statement for the six (6) months preceding the filing of the complaint.  When more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $402.00 filing fee, or each prisoner must seek and obtain in forma pauperis status. In the latter scenario, the Court must direct a $350.00 assessment against each prisoner-plaintiff by directing the agency having custody of each

---

[1]     An Order administratively closing a case is not a "dismissal" on the merits.  Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication.  *Penn West Assocs., Inc. v. Cohen,* 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted).  Because an administration termination "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties.  *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017).  However, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.

prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. See Hagan v. Rogers, 570 F.3d 146, 155-57 (3d Cir. 2009).

DATED this 15th day of November, 2022.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge