EX. #83

| DC-804 Part 1 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | FOR OFFICIAL USE 999044 GRIEVANCE NUMBER |
|---|---|---|

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Rhonda House | FACILITY: Fayette | DATE: 9-22-22 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Angel Maldonado #HS-6238 | SIGNATURE OF INMATE: Angel Maldonado | |
| WORK ASSIGNMENT: — | HOUSING ASSIGNMENT: J-D-#12 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A:** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

My restrictions (razor, hard, nail clipper, styrofoam trays, etc.) were suppose to expire on September 19, 2022 and I'm still on restrictions. I signed up for hard and told I'm on restriction. I request razor and nail clipper on razor handout and told I'm on restriction. I'm still in a hard cell with a shower that only drips out cold water and observed by a camera 24/7 where I can't use the bathroom in peace or shower due to feeling sexually harassed while showering nude in a broken shower. Psych Saavedra said if only put me on razor restriction how did I receive all these extra restrictions.

Relief Requested: (1) Lift all restrictions; (2) Stop denying petitioner razor, hard, etc.; (3) Fix shower; (4) Move petitioner out of hard cell and camera observation; (5) Grant any other relief deemed necessary; (6) Protect petitioner mental health from deteriorating and help petitioner get proper mental health treatment.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Spoke to Psych Saavedra and PSS Schnupps

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator     Date 9-23-22

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

S.C.I. FAYETTE
SEP 23 2022
SUPERINTENDENT ASSISTANT II

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 1-A



# Initial Review Response
SCI Fayette
50 Overlook Drive
La Belle, PA, 15450-1050

10/10/2022 09:04

| Inmate Name: | MALDONDO, ANGEL | DOC #: | HS6238 |
|---|---|---|---|
| Facility: | Fayette | Unit Location: | |
| Grievance #: | 999044 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

### Decision: Grievance Denied

It is the decision of this Grievance Officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

On 9/23/22, I received a grievance submitted by you. I began an investigation of the claims made by you in the body of your report. I looked at the evidence you provided, DC-709's, and PSS Graft email.

On 9/13/2022 PSS Graft sent out and email stating that you will remain on razor restriction for 30 days and will be reviewed at PRT on 10/11/2022. Psychology has the right to extend your razor restriction due to your history of self-injurious behavior.

Your DC-709 keeps getting extended every 7 days by the RHU Captain Newman. On 9/21/2022 it was extended for 7 days. On 9/28/2022 it was extended for another 7 days. Your DC-709 states you are only on in-cell exercise, in-cell shower, and razor/nail clippers restriction. In the comments in states camera cell.

You are properly being housed. Per your DC-709's you are to remain in a camera self-contain cell. Whether you want to be housed there or not is not your decision. Also, you don't need to be on any restrictions to be house in a camera self-contain cell. Any inmate can be housed in those cells. Staff like to keep them empty and house problematic inmates in there. You are a problematic inmate and are refusing to participate in the STGMU program. You also decided to eat numerous amounts of pills at once with suicidal thoughts and was taken to and outside hospital. Until PRT reviews you and deems you to be removed off restrictions you will remain in the camera self-contain cell for constant observation to monitor your behavior. That is a security and psychology decision, not yours.

If you need to talk to psychology PSS Schaup is assigned to J Unit for you to speak to for mental health issues.

You are not on yard or shower restriction. You are in a self-contain cell and are on in-cell shower/yard restriction. You are on camera, there is nothing wrong with your shower. Its not constantly running or flooding your cell. Only staff have access to turn on or off your shower through the pipe chase.

I deny you any compensation due to the fact you are properly housed with the proper restrictions in place.

Based off the results in my investigation and because you have provided no arguable fact, law, or policy I deny your

---

DC-ADM 804, Inmate Grievance System Procedures Manual
Section 1 - Grievances & Initial Review, Attachment 1-D
HS6238    Grievance #:999044
MALDONDO, ANGEL

S.C.I. FAYETTE
Issued: 1/26/2016  Effective: 2/16/2016
OCT 11 2022
Page1 of 2
SUPERINTENDENT ASSISTANT II

<13>Case 2:22-cv-01516-CRE   Document 35-38   Filed 12/22/22   Page 3 of 6</13>

EX: #83



# Initial Review Response
SCI Fayette
50 Overlook Drive
La Belle, PA, 15450-1050

10/10/2022 09:04

grievance. I also deny all requested relief in its entirety.

| Signature: | C.DiSalvotti |
| --- | --- |
| Name: | C. Disalvo |
| Title: | RHU Lieutenant |
| Approver: | R. House |
| Date: | 10-10-22 |

CC: Facility Grievance Coordinator
DC-15

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D

HS6238   Grievance #:999044

MALDONDO, ANGEL

S.C.I. FAYETTE

Issued: 1/26/2016  Effective: 2/16/2016

OCT 11 2022

Page 2 of 21
SUPERINTENDENT ASSISTANT

# SCI
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| HS-6238 | Angel Maldonado | J-D-#12 | 10-13-22 | 999044 |

I received my initial response from the Grievance Office/Coordinator on 10/12/22 and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

Petitioner appeals DiSalvo's Initial Review Response ("IRR"). First, I have a lawsuit pending on Lt. DiSalvo, he should not be answering my grievance responses. He's corrupt and bias. States I'm problematic and refusing to participate in the STGMU. I haven't received a misconduct in over two (2) years - I haven't hurt a prisoner or guard, I haven't cursed at a DOC employee, I haven't broke any DOC policies or rules - so how am I problematic. DiSalvo is a major part why I was sent to the STGMU for refusing to provide information to him or security about other prisoner's and for possessing an address book with no gang literature, only people's names, addresses or numbers. I refuse to participate in the STGMU to protect my mental health. I'm deteriorating in these RHU's/STGMU and "yes" I did attempt suicide and was at an outside hospital because I'm mentally breaking down and need mental health treatment and out of these RHU's/STGMU. Saavedra said he would lift my restrictions on 10-11-22 but I'm still not being allowed my razor, yard and still in a camera observation cell. I'm being tortured mentally which is effecting me physically as well. I'm in a self-contain cell but not allowed to use the yard in the back of cell.

My relief remains the same.

CC: File

INMATE SIGNATURE: Angel Maldonado



# Facility Manager's Appeal Response
SCI Fayette
50 Overlook Drive
La Belle, PA, 15450-1050

10/17/2022 10:54

| | | | |
|---|---|---|---|
| Inmate Name: | MALDONDO, ANGEL | DOC #: | HS6238 |
| Facility: | Fayette | Unit Location: | J/D 12 |
| Grievance #: | 999044 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

## Decision: Uphold Response

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

## Response:

You base your appeal on your opinion your grievance was not properly investigated. You base this on your belief Lt. DiSalvo conducted a bias investigation. You also believe your grievance contains incorrect information based on the fact Lt. DiSalvo referred to you as problematic. Be advised the investigating grievance officer has the discretion to conduct an investigation how he/she believes will produce a credible decision. In addition, all staff members are held to the Code of Ethics and all polices/procedures during an investigation. When contacted Lt. DiSalvo denied conducting a bias investigation. You claim in your appeal you have not received a misconduct in over two years, therefore how can you be considered problematic. Misconducts are not the only basis for a person to be referred to as problematic. Looking at your history you have prior suicidal thoughts, self injurious behavior and you are refusing to participate in the STGMU. The actions listed indicate you are problematic and need to be monitored more than others. You were placed on restrictions based on your own inappropriate behavior. You were placed on restrictions in order to maintain your safety, not for torturous reasons as you claim. As Lt. DiSalvo indicated, you are appropriately housed and your restrictions will stay in place as long as Psychology and Security believe you need to be. He was also correct when he stated the restrictions that have been placed on you have been placed on you in compliance with policy. It has been determined the statements made by staff are credible. After careful evaluation of this grievance it has been determined the actions and response by the investigating grievance officer, will be upheld.

Based on the above information, your appeal and requested relief are denied.

Signature: *ETW*

| | |
|---|---|
| Name: | E. Armel |
| Title: | Facility Manager |
| Date: | 10/18/22 |

CC: DC-15
File

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-B

Issued: 1/26/2016 Effective: 2/16/2016

HS6238    Grievance #: 999044

MALDONDO, ANGEL

Page 1 of 1

EX:#83

# INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| HS-6238 | ANGEL MALDONADO | FAYETTE | 10-28-22 | 999044 |

I received my appeal from the Superintendent on OCTOBER 21, 2022 and have the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions. Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement:

UPON RETURNING FROM THE OUTSIDE HOSPITAL DUE TO A SUICIDE ATTEMPT I HAVE BEEN PLACED ON A 709 RESTRICTION ON SEPTEMBER 11, 2022 AND DEPRIVED SHAVING, NAIL CLIPPER, YARD, ETC. I WAS IN A CELL CONTAINED CELL ON L-BLOCK B-POD CELL#12 ON 9-12-22 TO 9-20-22 AND MOVED TO J-BLOCK D-POD CELL#12 WHICH IS A SELF CONTAINED CELL WITH A SHOWER INSIDE AND YARD IN BACK. I HAVE BEEN DENIED YARD IN TOTAL EVEN WHEN SIGNING UP SINCE SEPTEMBER 13, 2022 UNTIL TODAY (10-28-22) AND NOT EVEN ALLOWED TO USE SMALL YARD IN BACK OF CELL A SELF-CONTAINED CELL. CHECK CAMERA IN CELL FROM SEPTEMBER 13, 2022 TO TODAY (10-28-22). PSYCH SAAVEDRA SAID HE WOULD LIFT MY RESTRICTIONS ON 10-11-22 AND I WAS NOT ON YARD RESTRICTION, SO WHY AM I BEING DENIED YARD, RAZOR, NAIL CLIPPER. CAPTAIN NEWMAN CANNOT CONTINUE TO EXTEND RESTRICTIONS ESPECIALLY WHEN I AM NOT SUICIDAL OR BEING PROBLEMATIC. TO DENY YARD STATES A CRUEL AND UNUSUAL PUNISHMENT CLAIM AND AN ATYPICAL AND SIGNIFICANT HARDSHIP, IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS. SEE: (HARRIS VS. BARONE, 2014 U.S. DIST. LEXIS 12704) UNDER PADOC POLICY, AN INMATE MAY NOT BE PLACED UNDER EXERCISE RESTRICTIONS FOR LONGER THAN SEVEN DAYS WITHOUT APPROVAL BY THE FACILITY MANAGER. INDEFINITE PLACEMENT IN SUPERMAX FACILITY (ISOLATION) WHICH ENTAILED LIMITATION ON HUMAN CONTACT AND EXERCISE, 24-HOUR LIGHTING, INELIGIBILITY FOR PAROLE- "STANDING ALONE MIGHT NOT BE SUFFICIENT TO CREATE A LIBERTY INTEREST, TAKEN TOGETHER THEY IMPOSE AN ATYPICAL AND SIGNIFICANT HARDSHIP. THE COMBINED EFFECT OF THE RESTRICTIONS AND THE DURATION IN WHICH THEY WERE IMPOSED, AND VIEWING THE FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF, THE COURT CONCLUDES THAT THE RESTRICTIONS IMPOSED AN "ATYPICAL AND SIGNIFICANT HARDSHIP."

cc: file

INMATE SIGNATURE: Angel Maldonado

DC-ADM 804, Inmate Grievance System Procedures Manual
Section 2 – Appeals
Issued: 3/31/2014
Effective: 5/1/2014

Attachment 2-E