# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNSON, et al., | : | No. 22-CV-1516 |
| Plaintiffs | : | |
| | : | Magistrate Judge Eddy |
| v. | : | |
| | : | |
| LITTLE, et al. | : | |
| Defendants | : | |

### STIPULATED PROTECTIVE ORDER

In this putative class action lawsuit related to the conditions of the Security Threat Group Management Unit ("STGMU") by the Pennsylvania Department of Corrections ("Department"), Plaintiffs have requested records of all the inmates in the STGMU, and the requested records include housing and adjustment records, placement records, medical information, and they may seek additional records for inmates other than themselves who have not consented to such records being disclosed.  To the extent that the dissemination of these records is prevented by Department policy and procedure requiring confidentiality of such records, or is governed by state privacy statutes, or may be governed by the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164.102, *et seq.*, there is a need to regulate their production.

Specifically, under 45 C.F.R. § 164.512(e), protected health information may be disclosed without a patient's written authorization if the parties stipulate that the information will not be disclosed or used for any purpose other than for the litigation for which such information was requested. Pursuant to this requirement and other requirements, the parties have entered into a confidentiality agreement establishing the parameters to which the documents may be shared and then how they must be disposed of after the litigation concludes.

THEREFORE, for the purposes of this Order:

1. The Department is hereby authorized to release to Plaintiff's counsel confidential information from the records of inmates who are or have been housed in the STGMU, including their housing and adjustment records, placement records, medical and mental health records, and other records deemed relevant and necessary to provide a comprehensive review of the conditions in the STGMU and to determine whether the inmates confined therein have been affected in any meaningful way by their placement in the unit.

2. Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel from rendering advice to their clients based on aggregated data collected from all such documents, provided that Plaintiffs are not provided their own copies of any documents for their own possession.

3. Counsel for Plaintiffs are not permitted to discuss the contents of specific inmate files with other inmates unless they first obtain the consent of the inmates whose files are to be discussed.

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-7763
Email: lbedell@pa.gov

Date: July 10, 2023

*Counsel for Defendants former Secretary George M. Little, former Secretary John E. Wetzel, and*

*Superintendent Eric Armel, all of the Pennsylvania Department of Corrections ("DOC")*

*/s/ Bret Grote*
Bret Grote, Esquire
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA 15221

*/s/ Matthew A. Feldman*
Matthew A. Feldman, Esquire
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304 South
Philadelphia, PA 19106

*/s/ Alexandra Morgan-Kurtz*
Alexandra Morgan-Kurtz, Esquire
Pennsylvania Institutional Law Project
247 Fort Pitt Blvd., 4th Floor
Pittsburgh, PA 15222

*/s/ Stormie Mauck*
Stormie Mauck, Esquire
Dechert, LLP
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Plaintiffs*

**SO APPROVED BY:**

    s/ Cynthia Reed Eddy
────────────────────────────
**CYNTHIA R. EDDY**
**United States District Magistrate Judge**