IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| T. MONTANA BELL, RONNIE E. JOHNSON, ANGEL MALDONADO, KAREEM MAZYCK, and XAVIAR PAGAN, on their own behalf and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | Civil Action No. 2: 22-cv-01516<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**ORDER DENYING MOTION FOR JOINDER BY STEPHEN PARKER**

Before the Court is non-party movant Stephen Parker's Motion for Joinder (ECF No. 105). For the reasons that follow, the Motion is **DENIED**.

**Relevant Factual and Procedural Background**

This is a counseled putative class action lawsuit brought by T. Montana Bell, Ronnie E. Johnson, Angel Maldonado, Kareem Mazyck, and Xaviar Pagan, on their own behalf and on behalf of all others similarly situated. The case arises from the Plaintiffs' time spent in the Security Threat Group Management Unit ("STGMU") at the State Correctional Institution – Fayette. The Second Amended Complaint brings claims alleging violations of the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act.

A Case Management Order was entered on January 31, 2024. (ECF No. 102). Class certification discovery shall be completed by July 1, 2024. Plaintiffs' motion for class certification is due by October 29, 2024, with Defendants' response due by December 2, 2024, and Plaintiffs'

1

reply, if any, due by December 20, 2024. The case has been referred to mediation, with the mediation scheduled to occur before May 31, 2024. (ECF No. 104).

## Standard of Review

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (i) the plaintiffs assert any right arising out of the same transaction, occurrence, or series of transactions or occurrences, and (ii) there are common questions of law or fact. Joinder under Rule 20 is discretionary and, "[i]n the exercising of discretion, the District Court must provide a reasonable analysis that comports with the Rule, and that is based on the specific fact pattern provided by the plaintiffs and claims before the court. It is insufficient for a court to rely on general assumptions regarding the circumstances of incarceration." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007).

Our court of appeals has stated that a district court's "inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2009) (citations omitted).

**Discussion**

Stephen Parker filed the instant motion on March 15, 2024. (ECF No. 15). He states that "the questions of law raised in the above captioned Civil Action are similar in occurrence as it relates to due process, equal protection, and other constitutional violations, relating to the Restricted Housing Unit; Security Threat Group Management Unit."

The Court notes that Mr. Parker has filed his own case in this Court, which has been docketed at Civil Action No. 2:23-cv-1654. He has filed a handwritten 52-page Amended Complaint (ECF No. 16) containing allegations about the various DOC treatment programs, such as the STGMU and Restricted Housing Unit, and includes claims under the First, Fourth, Eighth, and Fourteenth Amendments as well as claims under the Americans with Disabilities Act and the Rehabilitation Act. Named as Defendants are 53 defendants, including at least nine individuals employed at DOC Central Office, ten individuals working at SCI-Somerset, approximately twenty-six individuals employed at SCI-Greene, and eight individuals employed at SCI-Fayette.

In reviewing the fact pattern of Mr. Parker's own case (2: 23-cv-1654) with the fact pattern of the instant case, the Court recognizes that there are some similar claims, similar defendants, and similar facts involved in both cases. However, Mr. Parker's Amended Complaint names many defendants who are not named in the instant matter and at least two constitutional claims that are not at issue in the case. The Court finds that joining unrelated claims and additional defendants to this lawsuit will not foster the objectives of Rule 20.

Moreover, if the Court certifies the classes in this case, Mr. Parker may be a class member in this case. However, the litigation of this class action will not resolve all of the claims he has brought in Civil Action No. 2: 23-cv-1654.

For all these reasons, the motion for joinder filed by Stephen Parker is **DENIED**.

So **ORDERED** this 29th day of March, 2024.

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


cc: All Counsel of Record
(via ECF electronic notification)

STEPHEN PARKER
GU 1465
SCI DALLAS
1000 Follies Road
Dallas, PA 18612
(via U.S. First Class Mail)