IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. MONTANA BELL, RONNIE E. JOHNSON, ANGEL MALDONADO, KAREEM MAZYCK, and XAVIER PAGAN, on their own behalf an on behalf Of all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) Civil No. 22-1516 |
| v. | ) ) ) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS. et al | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

This case has been referred to United States Magistrate Judge Christopher B. Brown for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On January 15, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that Defendant Peter Saavedra, M.D.'s Motion for Judgment on the Pleadings be denied. ECF No. 153. The parties were informed that written objections to the Report and Recommendation were due by January 29, 2025, and responses to objections were due within fourteen days from service of the Objections. Dr. Saavedra timely field Objections, to which Plaintiffs filed a Response. ECF Nos. 156, 162.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As recounted in the Magistrate Judge's Report and Recommendation, the Second Amended Complaint is a putative class action brought by five individuals on their own behalf, and on behalf of all others similarly situated. Plaintiffs allege that they have received grossly inadequate mental health treatment (or no treatment at all) while housed in the Security Threat Group Management Unit at SCI Fayette. The Security Threat Group Management Unit is "an area of a facility used to house and provide programming to inmates who exhibit certain behaviors in connection with their affiliation with a Security Threat Group." Second Am. Compl. at ¶ 73 (ECF No. 95).

Relative to the instant Motion, Plaintiffs have sued Dr. Saavedra, a private contract psychiatrist at SCI-Fayette, in his individual and official capacities. In Count Two, Plaintiffs assert an Eighth Amendment deliberate indifference claim against Dr. Saavedra and eight Department of Corrections officials. Plaintiffs allege that that their placement and retention in the Strategic Threat Group Management Unit, along with prolonged social isolation and denial of adequate mental health treatment, resulted in Plaintiffs' suffering, *inter alia*, aggravation of existing mental illnesses and development of new, likely permanent, psychological injuries.

Dr. Saavedra initially filed an Answer, and later filed the present motion for judgment on the pleadings. Dr. Saavedra argues that he was not personally involved in determining housing assignments within SCI-Fayette; and therefore, he cannot be Constitutionally responsible for any alleged deliberate indifference to serious medical needs arising out of housing assignment decisions. *See Sasse v. Wetzel*, No. 21-3033, 2022 WL 1552994, *2 (3d Cir. May 17, 2022) (defendant must have "personal involvement," which can be shown "through allegations of

personal direction or of actual knowledge and acquiescence"). Dr. Saavedra also argues that Plaintiffs' have failed to allege facts to establish "deliberate indifference." Dr. Saavedra objects to the Magistrate Judge's rulings on both of his arguments.

### A.

The Magistrate Judge found that there was a material dispute of fact as to whether Dr. Saavedra had personal involvement in Department of Corrections' housing assignments. In support of this finding the Magistrate Judge reviewed the Plaintiffs' allegations, in light of the applicable law. Relevant allegations include:

- Dr. Saavedra had authority over the Mental Health Roster designations.

- Dr. Saavedra (and the DOC Defendants) failed to take adequate steps to ensure that mentally ill Plaintiffs and class members who express suicidal thoughts, attempt suicide, or engage in self-harm, are not placed in solitary confinement for any significant length of time, despite Dr. Saavedra's knowledge that solitary confinement dramatically increases the risk of self-harm and suicide.

- Dr. Saavedra (and the DOC Defendants) acted with deliberate indifference to the Mental Health Subclass Members' mental health conditions in that Dr. Saavedra (and the DOC Defendants) place or retain Subclass Members in solitary confinement despite the well-known risk of substantial harm to their lives and health caused by such isolation.

- The Strategic Threat Group Management Unit is a program of indefinite solitary confinement that holds a substantial number of individuals with psychiatric disabilities.

- Dr. Saavedra is responsible for diagnosing, classifying, and treating all individuals held in the Strategic Threat Group Management Unit.

- Individuals with a serious mental illness or "major psychiatric disorders" were not supposed to be housed in the Strategic Threat Group Management Unit.

- Dr. Saavedra (and the DOC Defendants) authorized sending plaintiffs and class members to the Strategic Threat Group Management Unit and/or Dr. Saavedra (and the DOC Defendants) were responsible for the administration of the Strategic Threat Group Management Unit.

- Dr. Saavedra systemically failed to perform proper evaluations and diagnostic classification that would have resulted in his patients being removed from the Strategic Threat Group Management Unit to protect their health.

Based upon the above allegations, as well as other allegations, it is clear that Plaintiffs have sufficiently alleged Dr. Saavedra's personal involvement in keeping Plaintiffs in solitary confinement in the Strategic Threat Group Management Unit; and/or, in not removing them from solitary confinement, based upon Dr. Saavedra's observations of Plaintiffs' serious mental illnesses.  Plaintiffs allege that Dr. Saavedra failed to perform meaningful psychiatric evaluations of inmates, **prior** to those inmates being placed in the Strategic Threat Group Management Unit.  Plaintiffs also allege that Dr. Saavedra failed to perform meaningful psychiatric evaluations of inmates **already housed** in the Unit, that would have resulted in some inmates being removed from the Strategic Threat Group Management Unit.

Dr. Saavedra's objection to the Magistrate Judge's Report and Recommendation, as to this issue, relies on Dr. Saavedra's focus on the fact that DOC employees make the initial determination of whether an inmate is housed in the Strategic Threat Group Management Unit, and that such housing decisions are not Dr. Saavedra's to make.  As the Magistrate Judge stated, in light of all the allegations, Dr. Saavedra's central argument, that the DOC (not Dr. Saavedr) makes housing assignments, "is a limited view of plaintiffs' claims." ECF No. 153, at 12.  As the Second Amended Complaint shows, Plaintiffs are not alleging that it was Dr. Saavedra, and Dr. Saavedra alone, who decided which inmates would be housed in the Strategic Threat Group Management Unit.  Instead, Plaintiffs allege that Dr. Saavedra, in connection with his duties and responsibilities as the psychiatrist, is personally involved in examining and treating inmates with regard to their mental health.  Plaintiffs allege failures on the part of Dr. Saavedra, for example, with respect to inmates whose diagnoses and behaviors are such that, from the beginning they

4

should not have been placed in the Strategic Threat Management Group Unit. Plaintiffs allege that Dr. Saavedra is aware of this, and he not only failed to take action to prevent placement in the Unit, he also affirmatively authorized the placement. Similarly, for those inmates already housed in the Unit, Plaintiffs allege that Dr. Saavedra failed to perform proper evaluations and provide proper diagnostic classifications, that would have, in some cases, caused an inmate to be removed from the Unit. The Court concludes that there was no error on the Magistrate Judge's part. The Objection as to this issue is overruled.

**B.**

Next, the Magistrate Judge found that there was a material dispute of fact as to whether Dr. Saavedra was deliberately indifferent to Plaintiffs' serious medical needs. Dr. Saavedra objects to this recommendation, arguing that the Magistrate Judge failed to correctly apply the deliberate indifference standard. According to Dr. Saavedra the allegations of the Second Amended complaint lead to the conclusion that, at most, Dr. Saavedra's inmate-patients disagreed with him about about the mental health treatment they were receiving. Such disagreements, argues Dr. Saavedra, cannot amount to deliberate indifference under the law.

While Dr. Saavedra's recitation of the law is correct, his conclusion does not follow from a review of the Plaintiffs' allegations. Plaintiffs relevant supporting allegations are:

- Dr. Saavedra oversaw an inadequate system of mental health treatment, and that several Plaintiffs were not provided any mental health evaluations prior to being placed in the Strategic Threat Group Management Unit.

- Dr. Saavedra systematically failed to perform proper evaluations and diagnostic classifications that would have resulted in his patients being removed from the Unit.

- Dr. Saavedra failed to provide regular, confidential mental health evaluations.

- Dr. Saavedra failed to use a standard set of questions designed to elicit meaningful and accurate psychological information pertaining to the impact of solitary confinement.

- Dr. Saavedra failed to create a treatment plan for a mentally ill and suffering inmate.

- Dr. Saavedra failed to spend adequate time with inmates in need of services.

- Dr. Saavedra employed an inadequate default response that included the provision of medications only, with follow-up care consisting of increasing dosages, only.

- Dr. Saavedra failed to offer any mental health treatment at all to a decompensating inmate, and instead only increased his medication dosage.

It is true, as the Magistrate Judge noted, that discovery may – or may not - reveal that Dr. Saavedra provided constitutionally adequate mental health care to Plaintiffs, but at this stage of the pleadings, Plaintiffs' allegations sufficiently state a claim of deliberate indifference to withstand judgment on the pleadings. The Objection as to this issue is overruled.

## ORDER

AND NOW, this 19th day of March, IT IS ORDERED that the Report and Recommendation, ECF No.153, filed on January 15, 2025, is adopted as the Opinion of this Court, as supplemented herein.

IT IS FURTHER ORDERED that Defendant Dr. Saavedra's Motion for Judgment on the Pleadings is DENIED.

This matter is returned to the Magistrate Judge for further proceedings.

           s/*Marilyn J. Horan*  
           Marilyn J. Horan  
           United States District Court Judge